IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

LESLIE OKYERE, #66698-019                            *

     Petitioner,                                 *

v.                                                   *          Civil Case No.: GJH-17-1551,
                                           *          Criminal Case No: GJH-15-10

UNITED STATES OF AMERICA,                            *

     Respondent.                                 *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

On June 8, 2016, the Court sentenced Petitioner Leslie Okyere to 66 months in prison

following his guilty plea to violations of 18 U.S.C. §§ 1028A (Aggravated Identity Theft),

1029(a)(2) (Use of Unauthorized Access Device), 1029(c) (Aiding and Abetting; Forfeiture),

1349, and 1344 (Conspiracy to Commit Bank Fraud; Forfeiture). ECF No. 129. On June 2, 2017,

Okyere filed a Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") under 28

U.S.C. § 2255, which is currently pending before the Court. ECF No. 163. Respondent, United

States of America, filed a Response brief, ECF No. 171, and Okyere filed a Reply brief, ECF No.

172. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons,

Okyere's Motion to Vacate is denied.

## I.    BACKGROUND

On June 8, 2016, this Court sentenced Okyere to 66 months imprisonment for his

involvement in a bank fraud conspiracy in violation of several federal laws. ECF No. 129. Prior

to his sentencing, on March 7, 2016, Okyere entered into a plea agreement with the Government

in which Okyere agreed to plead guilty to violations of 18 U.S.C. § 1349 (Conspiracy to Commit

Bank Fraud, Count One of the Indictment), 18 U.S.C. § 1029(a)(2) (Use of an Unauthorized

Access Device, Count Three of the Indictment), and 18 U.S.C. § 1028A (Aggravated Identity

Theft, Count Seven of the Indictment). ECF No. 91 at 1.[1] The parties agreed that for Count One,

Okyere's base offense level was 7; that a 12-level increase applied because the loss amount was

at least more than $250,000; and that a 2-level increase applied because the offense involved

more than 10 victims. *Id.* at 4–5. The parties also agreed to a set of stipulated facts, attached to

the plea agreement, which specified the nature of the conspiracy and Okyere's involvement

therein. *See* ECF No. 91-1. There, the parties again agreed that the "total loss reasonably

attributable to the Defendant's conduct was at least $250,000." *Id.* at 2.

At Okyere's sentencing, the Court found that the total loss amount was more than

$550,000 but less than $1 million, warranting a 14 level increase; that the offense involved 10 or

more victims, warranting a 2 level increase; that Okyere was a leader or organizer of criminal

activity involving five or more people, warranting a four level increase; and that Okyere had

accepted responsibility, warranting a three level decrease. ECF No. 144 at 76. The Court also

found that Okyere was appropriately placed in a criminal history category One, and that the

sentencing guidelines for Counts One and Three was 51 to 63 months. *Id.* In addition, Count

Seven carried with it a two-year mandatory consecutive term, so the total sentencing guideline

range would have been 75 to 87 months. *Id.* at 77. After hearing argument from the Government

as well as Okyere's counsel, the Court varied downward from the guideline range, and imposed a

term of 66 months. ECF No. 144 at 96.

Following his sentencing, Okyere appealed to the Fourth Circuit. ECF No. 133. However,

he later voluntarily dismissed his appeal. ECF No. 154. On June 2, 2017, Okyere filed the now-

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

pending Motion to Vacate. ECF No. 163. In it, Okyere argues that his sentence should be vacated because his constitutional rights were violated in a number of ways. ECF No. 163 at 4. First, he argues that his trial counsel should have objected to the Government's reliance on statements made by Okyere's co-conspirators, because the Government should have ordered the transcripts from Mr. Obeng's sentencing hearing for Okyere, and should have put the co-conspirator's plea agreement into evidence. *Id.* at 5. Second, Okyere argues that he told his attorney to file an appeal on his behalf, but that his attorney did not do so. *Id.* at 7–8. Third, Okyere argues that the Court should not have found that the 2-level enhancement for an offense involving 10 victims applied. *Id.* at 10. Finally, in his Reply brief, Okyere argues that the total amount of loss is much less than $250,000, and points out that the amount listed in the Indictment is only $72,674.76. ECF No. 172 at 5.

## II.     STANDARD OF REVIEW

In order to be entitled to relief under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a); *see also United States v. Moore*, 993 F.2d 1541 (4th Cir. 1993) (unpublished) (citing *Vanater v. Boles*, 377 F.2d 898 (4th Cir. 1967)). A *pro se* petitioner is, of course, entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). Where, however, a § 2255 petition, along with the files and records of the case, conclusively shows the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised therein may be dismissed summarily. 28 U.S.C. § 2255(b).

3

An ineffective assistance of counsel claim is governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "Pursuant to that test, to prevail on an ineffective assistance claim, a petitioner must establish that (1) counsel's performance was deficient and (2) there is a reasonable probability that the deficiency prejudiced the defense." *Merzbacher v. Shearin*, 706 F.3d 356, 363 (4th Cir. 2013) (citing *Strickland*, 466 U.S. at 687, 694). To establish that counsel's performance was deficient, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* (citing *Strickland*, 466 U.S. at 688). However, "[c]ourts 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' in order to avoid 'the distorting effects of hindsight.'" *Id.* (quoting *Yarbrough v. Johnson*, 520 F.3d 329, 337 (4th Cir. 2008)). To establish prejudice, a petitioner "must show that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). Furthermore, a petitioner must show that counsel's "error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)).

## III. DISCUSSION

Here, Okyere's § 2255 Motion to Vacate fails to meet either prong of the *Strickland* test, and is therefore denied.

Okyere has not shown that his counsel's "performance was deficient" below "an objective standard of reasonableness." Regarding his first point, that his counsel should have objected because the Government did not obtain the transcript of Okyere's co-conspirator's sentencing hearing, the Court finds that this did not fall below an objective standard of reasonable representation. The majority of the evidence introduced regarding his co-

conspirator's statements came in through Special Agent Jacob Heminger, who summarized the results of his investigation. ECF No. 144 at 7–46. Okyere does not point to any requirement that the Government was required to provide him with prior statements of his co-conspirator, the co-conspirator's plea agreement or the transcripts of the co-conspirator's sentencing hearing. In fact, Okyere acknowledges that at a sentencing hearing not all evidentiary and constitutional protections apply, including those related to hearsay and the Confrontation Clause. *See United States v. Padron-Yanez*, 433 Fed. App'x 189, 190–191 (4th Cir. 2011); ECF No. 1 at 8 ("Petitioner, is aware that 'hear say' can be presented and considered during a sentencing [sic] hearing").

Regarding Okyere's second point, that his attorney did not appeal his sentence, this is simply untrue. On June 14, 2016, Okyere's attorney filed a Notice of Appeal with the Court. ECF No. 133. Another attorney was substituted for Okeyere's trial attorney, and Okyere voluntarily withdrew his appeal on February 27, 2017. ECF No. 154.

Regarding his third and fourth points, Okyere argues that his trial attorney did not represent him reasonably because he failed to object to certain factual issues contained in the plea agreement (the 2-level enhancement and the total amount of loss). However, these are facts contained within Okyere's plea agreement and the attached stipulated facts; Okyere went over the details of his plea agreement with his attorney, and was specifically advised of the terms of the agreement at his plea hearing on March 7, 2016. When he signed the plea agreement, Okyere agreed that he was knowingly and voluntarily accepting the terms. ECF No. 143 at 25. Furthermore, Okyere acknowledged to the Court that he was satisfied with the job that his attorney had done on his behalf. *Id.* Even now, Okyere does not contend that he was unaware of any part of the plea agreement, or that he did not understand its impact; rather, he argues that his

attorney should have objected and not let him enter into the agreement, yet fails to cite any authority for his position. Okyere was provided with competent representation where his counsel walked him through the contents of the plea agreement, and allowed him to decide whether to accept the plea agreement or not. Thus, nothing about his trial counsel's representation fell below the *Strickland* objective standard of reasonableness.

Even if his counsel's representation met the first prong of the *Strickland* test, there is not a "reasonable probability that the deficiency prejudiced the defense," as Okyere has alleged nothing more than a "possibility of prejudice." *Satcher*, 126 F.3d at 572. It is not clear that if Okyere's counsel had raised the objections he suggests that the Court would have accepted them. In fact, the Government argued extensively against each of the points that Okyere now raises. *See* ECF No. 144 at 58–63. Furthermore, even if the Court had placed Okyere in a different sentencing range, Okyere has raised only a "possibility" that his sentence would have been different. The Court noted that it was varying downward from the sentencing guidelines, and relying on the "issue of avoiding unwarranted sentencing disparities." ECF No. 144 at 95. The Court stressed that Okyere "deserves a more significant sentence than any of [his] three [co]defendants." *Id.* One of the co-defendants was sentenced to 36 months, one was sentenced to 27 months, and one was sentenced to one day. *Id.* Even if Okyere had been placed in a different guidelines range, he has shown only a "possibility of prejudice," because the Court had already varied downward but had indicated that the sentence needed to be longer than the sentences of Okyere's co-defendants. Thus, Okyere has not met the first or second prong of the *Strickland* test, and the Court denies his § 2255 Motion to Vacate.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Okyere's claim debatable, no certificate of appealability will issue.

## V.  CONCLUSION

Having failed to allege that his counsel's representation meets either prong of the *Strickland* test, the Court denies Okyere's Motion to Vacate, ECF No. 163. A separate Order shall issue.

Date: April 24 , 2018

GEORGE J. HAZEL
United States District Judge